**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000049
22-APR-2026
09:07 AM
Dkt. 46 OP**

NO. CAAP-24-0000049

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
FAAFETAI MAUAI-SILIFAIVA, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-22-0001365)

APRIL 22, 2026

LEONARD, PRESIDING JUDGE, WADSWORTH AND MCCULLEN, JJ.

OPINION OF THE COURT BY MCCULLEN, J.

Defendant-Appellant Faafetai **Mauai-Silifaiva** appeals

from the Circuit Court of the First Circuit's February 28, 2024

order granting Plaintiff-Appellee State of Hawai'i Department

of Human Services' (**DHS**) request for restitution (**Restitution Order**) pursuant to Hawai'i Revised Statutes (**HRS**) § 706-646 (2014 and Supp. 2016).[1]

DHS requested reimbursement for medical expenses paid by AlohaCare to **Queen's** Medical Center. However, DHS cannot be reimbursed under HRS § 706-646 for medical expenses it did not pay. We vacate and remand.

## I.   BACKGROUND

In June 2023, Mauai-Silifaiva pled guilty to Assault in the Second Degree, in violation of HRS § 707-711(1) (2014 & Supp. 2016), among other charges, for an April 2021 incident involving complaining witness Ronnie **Dabalos.**

Dabalos, a Medicaid recipient through DHS's Med-QUEST program, received medical treatment for the assault at Queen's. That medical treatment was paid for by AlohaCare, a health plan that DHS contracts with to administer Medicaid coverage.

In September 2023, the circuit court entered its Judgment of Conviction, DHS orally moved for restitution, and the circuit court scheduled a restitution hearing for December

---

[1]   The Honorable Catherine H. Remigio presided.

Mauai-Silifaiva's premature notice of appeal from the circuit court's December 19, 2023 oral restitution order is considered filed immediately after the entry of the written February 28, 2024 Restitution Order by operation of Hawai'i Rules of Appellate Procedure Rule 4(a)(2).

2023.  DHS filed a memorandum in support of its motion in which it requested restitution totaling $66,902.52 — the amount AlohaCare paid for Dabalos's medical expenses.

The circuit court held a contested restitution hearing on December 19, 2023.  DHS called Gary **Ojiri**, a Healthcare Financing Program Specialist, as a witness.

On direct, Ojiri testified that Med-QUEST pays "capitation to the health plans" it contracts with "to provide medical services" to Medicaid recipients.[2]  Ojiri further testified that DHS made medical assistance payments in the amount of $66,902.52 for Dabalos's medical expenses.

On cross, however, Ojiri testified "AlohaCare actually paid Queen's"; AlohaCare and DHS are two separate entities; and DHS made capitation payments to AlohaCare but had not reimbursed AlohaCare for any of the payments AlohaCare made for Dabalos's medical expenses:

> [Defense Counsel:]  Okay.  So – so has AlohaCare actually paid Queen's?
>
> [Ojiri:]  Yes.
>
> [Defense Counsel:]  And AlohaCare is -- AlohaCare is different from -- there are two separate entities, DHS and AlohaCare; right?

---

[2]  A capitation payment is "a payment the State makes periodically to a contractor on behalf of each beneficiary enrolled under a contract . . . . The State makes the payment regardless of whether the particular beneficiary receives services during the period covered by the payment."  42 C.F.R. § 438.2 (2024).

[Ojiri:]  Yes.

. . . .

[Defense Counsel:]  And has DHS reimbursed AlohaCare for that?

[Ojiri:]  No.  What we do is we pay them capitation (indiscernible) capitation to the health plans.

[Defense Counsel:]  So DHS has -- just to be crystal clear, DHS has not provided AlohaCare with any funds in conjunction with this case?

[Ojiri:]  No.  Just the capitation to that -- for the individual recipient.

Nevertheless, the circuit court found that DHS "met its burden of proof by a preponderance of [the] evidence" and awarded DHS $66,902.52 in restitution.

In February 2024, the circuit court entered its Restitution Order, finding "DHS paid for [Dabalos]'s medical care because [Dabalos] was a recipient of DHS medical assistance benefits"; the "total amount of medical expenses paid for by DHS was . . . $66,902.52"; and DHS "met its burden by a preponderance of the evidence, showing that the restitution amount is reasonable, verifiable, requested, and there is a sufficient nexus that [Mauai-Silifaiva]'s assault offense caused or contributed to [DHS's] costs."

The circuit court ordered Mauai-Silifaiva to pay restitution to DHS in the amount of $66,902.52. Mauai-Silifaiva appealed.

## II. DISCUSSION

On appeal, Mauai-Silifaiva argues the circuit court erred by awarding DHS restitution because "there was no evidence that, in this case, DHS actually paid AlohaCare for the medical treatment provided to Dabalos" and, as such, there was no evidence that DHS's losses were reasonable and verified.

"The interpretation of a statute is a question of law. Review is de novo, and the standard of review is right/wrong." State v. Borge, 152 Hawaiʻi 458, 464, 526 P.3d 435, 441 (2023) (quoting Kimura v. Kamalo, 106 Hawaiʻi 501, 507, 107 P.3d 430, 436 (2005)). "[T]he fundamental starting point for statutory interpretation is the language of the statute itself." Id. (quoting Ito v. Invs. Equity Life Holding Co., 135 Hawaiʻi 49, 61, 346 P.3d 118, 130 (2015)).

HRS § 706-646 permits "[a] governmental entity that has reimbursed the victim for losses arising as a result of the crime or paid for medical care provided to the victim as a result of the crime" to recover its "reasonable and verified

5

losses" from the defendant.[3]  HRS § 706-646(1)(c), (2) (emphases added).

Commentary to HRS § 706-646 explains that, in 2012, the state legislature made a "conforming amendment [to the statute] to include medical assistance provided by the State as

_____

[3]  HRS § 706-646, "Victim restitution," provides in relevant part:

> (1)  As used in this section, "victim" includes any of the following:
>
> (a)  The direct victim of a crime including a business entity, trust, or governmental entity;
>
> . . . .
>
> (c)  A governmental entity that has reimbursed the victim for losses arising as a result of the crime or paid for medical care provided to the victim as a result of the crime. . . .
>
> . . . .
>
> (2)  The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim. . . .
>
> (3)  . . . . Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:
>
> . . . .
>
> (b)  Medical expenses, which shall include mental health treatment, counseling, and therapy;
>
> . . . .
>
> (5)  The restitution ordered shall not affect the right of a victim to recover under section 351-33 or in any manner provided by law; provided that any amount of restitution actually recovered by the victim under this section shall be deducted from any award under section 351-33.

(Formatting altered and emphases added.)

6

an expense for which restitution may be ordered to conform with amendments made to other sections in the [HRS] by Act 211." HRS § 706-646 cmt.

Importantly, these amendments include an amendment to HRS Chapter 346, which governs DHS. HRS § 706-646 cmt., 2012 Haw. Sess. Laws Act 211, § 4 at 755.

Specifically, the state legislature amended HRS § 346-37(g) (2015) by adding the process by which DHS may seek restitution in criminal proceedings for "payments made by the department":

> When restitution is sought in a criminal proceeding from a third person who has caused injury to a recipient of medical assistance, a written notice of lien and an itemized list of payments made by the department that identifies the provider of services, the dates of services, the amounts billed and paid, and the dates of payments, shall be provided to the court and to the person against whom restitution is sought. Absent a good faith basis contesting the amount or validity of a specific line item charge or charges in the lien, the entire lien amount shall be presumed valid by the court in determining the amount of restitution pursuant to section 706-646.

(Emphases added.) See also 2012 Haw. Sess. Laws Act 211, § 4 at 755.

When HRS § 706-646(1)(c) is read together with the relevant portion of HRS § 346-37(g), it is clear that, in seeking reimbursement in criminal cases, DHS must have either "reimbursed the victim for losses arising as a result of the crime or paid for medical care provided to the victim as a

result of the crime," and must have provided "an itemized list of payments made by the department . . . to the court and the person against whom restitution is sought."  HRS §§ 346-37(g), 706-646(1)(c) (emphases added).

Here, DHS did not offer any evidence that it made any payments beyond the capitation payments.  And the capitation payments would have been paid "regardless of whether [Dabalos] receive[d] services during the period covered by the payment" and were not a result of Mauai-Silifaiva's crimes.  See 42 C.F.R. § 438.2 (2024).

Relying on HRS § 431L-2 (2019), DHS argues the Hawaiʻi Insurance Code "explicitly assigns the right to third party payments to the State where DHS has made payments for health care items or services."  HRS § 431L-2 provides:

> To the extent that payment has been made under the state plan for medical assistance for health care items or services furnished to an individual in any case where another party has a legal liability to make payment for such assistance, the State is considered to have acquired the rights of the individual to payment by the other party for those health care items or services.

(Emphasis added.)  As discussed above, under the circumstances of this case, Mauai-Silifaiva has no legal liability under HRS § 706-646 to reimburse DHS for Dabalos's medical expenses paid by AlohaCare to Queen's.  See HRS §§ 346-37(g), 706-646(1)(c).

Accordingly, the circuit court erred in ordering Mauai-Silifaiva to pay restitution under HRS § 706-646 to DHS for Dabalos's medical expenses paid by AlohaCare to Queen's.

### III. CONCLUSION

Based on the foregoing, we vacate the circuit court's February 28, 2024 Restitution Order and remand this case for proceedings consistent with this opinion.

| | |
|---|---|
| Walter J. Rodby, for Defendant-Appellant. | /s/ Katherine G. Leonard<br>Presiding Judge |
| Dean A. Soma,<br>Jennifer H. Crum,<br>Deputy Attorneys General,<br>for Plaintiff-Appellee. | /s/ Clyde J. Wadsworth<br>Associate Judge<br><br>/s/ Sonja M.P. McCullen<br>Associate Judge |